UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-0045-MOC-WCM

| | |
|---|---|
| W. ROBERT WARDELL, ) </br> ) </br> Plaintiff, pro se, ) </br> ) </br> vs. ) </br> ) </br> AMERICAN DAIRY GOAT ) </br> ASSOCIATION, et al.,[1] ) </br> ) </br> Defendants. ) </br> ) | **ORDER** |

**THIS MATTER** is before the Court on the American Dairy Goat Association's ("ADGA" or "Defendant") Motion for Judgment on the Pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Doc. No. 106). Plaintiff filed a response in opposition. (Doc. No. 110). For the following reasons, Defendant's motion is **GRANTED**.

**I.     BACKGROUND**

Pro se Plaintiff W. Robert Wardell ("Plaintiff") filed this action against Defendant on April 29, 2021 in the United States District Court for the District of Colorado. (Doc. No. 1). In February 2022 the case was transferred to this Court. (Doc. No. 86). Shortly thereafter, Defendant filed a Motion for Judgment on the Pleadings. (Doc. No. 106). On the same day, the Court issued a notice to Plaintiff of Plaintiff's right to respond to the motion for judgment on the pleadings. (Doc. No. 107). Plaintiff filed a response in opposition to Defendant's Motion for Judgement on the Pleadings on November 15, 2022. (Doc. No. 110).

Plaintiff is a dairy goat farmer. He alleges that Defendant conspired against him to

---

[1] Plaintiff named additional defendants in the Complaint, but all other Defendants have been terminated.

restrain trade and engaged in a group boycott in violation of the Sherman Antitrust Act, 15 U.S.C. § 1. (Doc. No. 16 at ¶¶ 37, 42). He also alleges that Defendant conspired to monopolize trade in the breeding, sale, and showing of dairy goats in violation of § 2 of the Sherman Act. (Id.). Lastly, Plaintiff uses pendant jurisdiction to bring claims under Colorado state law for tortious interference with Plaintiff's contracts, unfair and deceptive trade practices, and for the alleged publication of false and defamatory statements about Plaintiff. (Id.).

The following allegations are taken as true for the purposes of the motion for judgment on the pleadings. Defendant is a not-for-profit corporation that maintains a registry of American and purebred dairy goats. (Doc. No. 16 at ¶ 17). Defendant has approximately 20,000 members nationwide. (Id. at ¶ 19). Before 2005, Plaintiff was a member in good standing with Defendant for over twenty-five years. (Id. at ¶¶ 21, 35). However, in the fall of 2005, Defendant "revok[ed]" plaintiff's membership permanently …. Without any advance notice to plaintiff … even though the Rules and Regulations of the ADGA required a written Complaint of the allegations for revocation to be served on plaintiff within twenty-one (21) days of the Complaint being made." (Id. at ¶¶ 30, 31). Leading up to Plaintiff's expulsion from the Defendant corporation, members of Defendant's committees made announcements at shows and conventions that Plaintiff was under investigation, urged other members of the ADGA not to deal with Plaintiff, and ultimately held a hearing regarding Plaintiff's membership, which resulted in Plaintiff being "expelled" from membership. (Id. at ¶ 35).

Plaintiff alleges that, as a result of these actions, he has "effectively been put out of business" and is now unable to sell or transfer any American and purebred dairy goats, is unable to advertise and sell semen for the purpose of breeding American and purebred dairy goats, and has been forced to expend substantial legal fees. (Id. at ¶ 38). Moreover, Plaintiff asserts that his

2

Case 1:22-cv-00045-MOC-WCM    Document 112    Filed 11/29/22    Page 2 of 6

exclusion from Defendant's organization has restrained competition in the sale, breeding, and showing of dairy goats as a whole. (Id. at ¶ 39).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings when it would not delay trial. FED. R. CIV. P. 12(c). "A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standards as a motion to dismiss under Rule 12(b)(6)." Occupy Columbia v. Haley, 738 F.3d 107, 115 (4th Cir. 2013) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). Therefore, under Rule 12(c), a claim must be dismissed when a claimant's allegations fail to set forth a set of facts which, if true, would entitle the claimant to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). When considering a motion to dismiss, the Court is "obliged to accept the complaint's factual allegations as true and draw all reasonable inferences in favor of the plaintiffs." Feminist Majority Found. v. Hurley, 911 F.3d 674, 685 (4th Cir. 2018). "However, the court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Monroe v. City of Charlottesville, Va., 579 F.3d 380, 385–86 (4th Cir. 2009) (internal citations and quotations omitted).

Additionally, "[f]ederal courts are obliged to liberally construe filings by pro se litigants." U.S. v. Brown, 797 Fed. Appx. 85, 89 (4th Cir. 2019) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, even a pro se litigant's complaint should be dismissed when "it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle

him to relief." Barefoot v. Polk, 242 Fed. Appx. 82, 83 (4th Cir. 2007) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)).

### III. DISCUSSION

"At some point, 'the right to be free of stale claims ... comes to prevail over the right to prosecute them.'" Olson v. Mobil Oil Corp., 904 F.2d 198, 201 (4th Cir. 1990) (quoting American Pipe & Constr. Co. v. Utah, 414 U.S. 538, 554 (1974)). Statutes of limitations ("SOLs") are designed to promote justice by encouraging plaintiffs to pursue claims diligently. CTS Corp. v. Waldburger, 573 U.S. 1, 10 (2014). Defendant argues that all of Plaintiff's federal and state law claims are barred by their SOLs. For the reasons described below, this Court agrees.

First, Plaintiff's Sherman Act claims are barred by the statute's SOL. A Sherman Act claim is barred "unless commenced within four years after the cause of action accrued." 15 U.S.C. § 15b (2018). Here, according to Plaintiff's complaint, the cause of action is the 2005 decision made by Defendant to permanently deny Plaintiff ADGA membership. (Doc. No. 16 at ¶ 30). Although Plaintiff nebulously asserts that Defendant has taken actions "from the fall of 2005 to the present," Plaintiff's complaint only points to actions leading up to the 2005 decision and the 2005 decision itself. (Id.). Therefore, Plaintiff's commencement of his claim in 2021 was much too late.

Moreover, according to Plaintiff's complaint, Defendant has not committed any continuing violation that would toll the SOL. A distinct violation "necessarily occurs 'within some specific and limited time span,' whereas continuing violations 'inflict continuing and accumulating harm.'" Charlotte Telecasters, Inc. v. Jefferson-Pilot Corp., 546 F.2d 570, 572 (4th

4

Cir. 1976) (quoting Hanover Shoe, Inc. v. United Shoe Machinery Corp., 392 U.S. 481, 502 n.15 (1968)). Exclusion from participation in an industry or organization does not constitute a continuing conspiracy when "the exclusion is final in its impact." (Id.). An exclusion is final in its impact when it is "by its nature permanent at initiation without further acts." Poster Exchange, Inc. v. National Screen Serv. Corp., 517 F.2d 117, 126–27 (5th Cir. 1975). As Plaintiff described in his complaint, Defendant's decision to exclude Plaintiff from its organization was permanent and required no further acts by Defendant. (Doc. No. 16 at ¶ 30).

Similarly, Plaintiff's state law claims are barred by their respective SOLs regardless of whether Colorado or North Carolina state law is applied. Plaintiff brings claims for tortious interference with contractual relations, unfair and deceptive trade practices, and defamation. A tortious interference with contractual relations claim has a two-year SOL in Colorado, and a three-year SOL in North Carolina. COLO. REV. STAT. ANN. § 13-80-102 (West); N.C. GEN. STAT. § 1–52(5). An unfair and deceptive trade practices claim has a two-year SOL under Colorado state law. COLO. REV. STAT. ANN. § 13-80-102(1)(a) (West) (stating that all "[t]ort actions, including but not limited to actions for negligence, trespass, malicious abuse of process, malicious prosecution, outrageous conduct, interference with relationships, and tortious breach of contract" must be brought within two years after the cause of action arises). The SOL under North Carolina state law is four years. N.C. GEN. STAT. ANN. § 75-16.2 (barring any claim brought under § 75 "unless commenced within four years after the cause of action accrues"). Lastly, defamation, under both North Carolina and Colorado state law, has a SOL of one year from the time the statement is made. COLO. REV. STAT. § 13–80–103(1)(a); N.C. GEN. STAT. ANN. § 1-54(3). Here, according to Plaintiff's complaint, the alleged actions that would support these claims occurred–at the latest–in 2005, long after the SOL had run for each of the claims.

Because all of Plaintiff's federal and state law claims are barred by their SOLs, Plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the claimant to relief. Therefore, this court must grant Defendant's Motion for Judgment on the Pleadings.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion for Judgment on the Pleadings, (Doc. No. 106), is **GRANTED**, and this action is dismissed with prejudice.
2. The Clerk of Court is respectfully instructed to terminate this action.

Signed: November 28, 2022

Max O. Cogburn Jr
United States District Judge